# EXHIBIT A

Filed    25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT. DIV. ____**
**CIVIL ACTION NO. 25-CI-_____**

LD TELECOM ASSETCO, LLC                                                    PLAINTIFF

vs.                                          **COMPLAINT**

NCWPCS MPL 28 – YEAR SITES TOWER
HOLDINGS, LLC
      Serve: CT Corporation System
           306 W. Main Street, Suite 512
           Frankfort, KY 40601
and

CCATT, LLC
    Serve:    CT Corporation System
           306 W. Main Street, Suite 512
           Frankfort, KY 40601

And

CCATT HOLDINGS, LLC

      Serve:  via Kentucky Secretary of State
           2000 Corporate Drive
           Canonsburg, PA 15317                          DEFENDANTS

*********************************************************************************

      The Plaintiff, LD Telecom Assetco, LLC, by and through counsel, for its cause of action

states as follows:

**PARTIES**

1. Plaintiff, LD Telecom Assetco, LLC is a limited liability company organized under the

    laws of Delaware engaged in the purchasing of easements and leases from real property

    owners for telecommunication purposes.

Filed    4935-0375-5552        25-CI-00509        03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000001 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000001 of 000008

2. Defendant, NCWPCS MPL 28 – Year Sites Tower Holdings, LLC is a limited liability company organized under the laws of Delaware with a principal place of business located at 1025 Lenox Park Blvd. NE, Atlanta, Georgia 30319.

3. Defendant, CCATT, LLC is a limited liability company organized under the laws of Delaware with a principal place of business located at 8020 Katy Freeway, Houston, Texas 77024.

4. Defendant, CCATT Holdings, LLC is a limited liability company organized under the laws of Delaware with a principal place of business located at 2000 Corporate Drive, Canonsburg, Pennsylvania 15317. Upon information and belief, CCATT Holdings, LLC is a successor in interest, or subsidiary of, Defendant NCWPCS MPL 28 – Year Sites Tower Holdings, LLC and may, therefore, have an interest in the real property which is the subject of this litigation.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction pursuant to KRS 454.210 and has subject matter jurisdiction over the claims herein.

6. Venue is appropriate in the Hardin Circuit Court as all acts and/or omissions giving rise to Plaintiff's claims occurred in Hardin County, Kentucky.

## FACTUAL ALLEGATIONS

7. On or about January 13, 2023, Plaintiff entered into a Purchase and Sale of Easement and Assignment Agreement ("Agreement") with Joyce Katherine Hodge ("Hodge"), who owns certain real property located at 1051 Rock Creek Lane, Big Clifty, Hardin County, Kentucky.

Filed    25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

8. Pursuant to the Agreement, Hodge conveyed to Plaintiff an exclusive communications easement for the purpose of operating, leasing, subleasing, or licensing space in and on the easement area to communications tenants for the installation, operation, maintenance of and access to communications facilities, as well as a non-exclusive easement for ingress, egress, maintenance, repair, utility services.

9. Pursuant to the Agreement, Hodge additionally assigned to Plaintiff all of her right, title, and interest in any existing lease agreements in which Hodge was lessor related to the real property located at 1051 Rock Creek Lane, Big Clifty, Hardin County, Kentucky. To Plaintiff's knowledge, the existing leases were by and between Hodge and Tritel Communications, Inc., and all known existing lease agreements were attached and incorporated into the Agreement. Please see Option and Lease Agreement attached hereto as **Exhibit A.**

10. On or about September 20, 2001, a Memorandum of Lease Agreement was recorded in the records of the Hardin County Clerk, Book 1010, Page 209-213. A copy of the Memorandum of Lease Agreement is attached hereto as **Exhibit B.** Said Memorandum of Lease references a lease dated November 8, 2000 which was for a term of (5) years commencing on July 12, 2001. Said Memorandum also notes that said term is subject to four (4) additional (5) five-year extension periods by Tritel. If all extension periods were effectuated said lease term could effectively be extended to July of 2026.

11. On or about January 18, 2023, Plaintiff recorded its Easement Agreement with Hodge in the records of the Hardin County Clerk, Book 1546, Page 1535-1549. A copy of the Easement Agreement is attached hereto as **Exhibit C.**

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000003 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000003 of 000008

Filed    25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

12. Unbeknownst to Plaintiff, despite Plaintiff's exercise of due diligence, an unrecorded First Amendment to Option and Lease Agreement by and between Hodge and Defendants (as successor in interest to Tritel Communications, Inc.) was executed on January 27, 2015.

13. Pursuant to this First Amendment to Option and Lease Agreement, attached hereto as **Exhibit D**, Defendants had the option to exercise a Right of First Refusal if Hodge received an offer to convey any interest in the real property located at 1051 Rock Creek Lane, Big Clifty, Hardin County, Kentucky.

## COUNT I – DECLARATORY JUDGMENT

14. Plaintiff repeats and realleges each preceding allegation stated herein.

15. Plaintiff entered into a valid Purchase and Sale of Easement and Assignment Agreement with Hodge, whereby Hodge assigned her interest in the Option and Lease Agreement to Plaintiff.

16. Plaintiff entered into the Purchase and Sale of Easement and Assignment Agreement in good faith and is a bona fide purchaser for value.

17. Plaintiff was not aware of Defendants' unrecorded Right of First Refusal contained in the First Amendment to Option and Lease Agreement with Hodge and could not have discovered same due to Defendants' failure to record the First Amendment to Option and Lease Agreement in the records of the Hardin County Clerk.

18. Defendants have refused to recognize Hodge's assignment of Defendants' leasehold interest to Plaintiff.

19. An actual controversy exists between Plaintiff and Defendants as to the superiority of their leasehold interests in real property located at 1051 Rock Creek Lane, Big Clifty, Hardin County, Kentucky.

Filed    4935-0375-5552
4935-0375-5552, v. 1    25-CI-00509    03/18/2025    4    Deanna Simcoe, Hardin Circuit Clerk

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000004 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000004 of 000008

20. Plaintiff requests that this Court make a binding declaration that Plaintiff is a bona fide purchaser for value and that Plaintiff's leasehold interests in the above-described real property are superior to Defendants.

21. Plaintiff requests that this Court make a binding declaration that Defendants are obligated to pay Plaintiff monthly rent pursuant to the terms of Defendants' Option and Lease Agreement with Hodge.

## CAUSE OF ACTION – BREACH OF CONTRACT

22. Plaintiff repeats and realleges each preceding allegation stated herein.

23. Pursuant to the Purchase and Sale of Easement and Assignment Agreement by and between Plaintiff and Hodge, Plaintiff is entitled to receipt of rental income from Defendants pursuant to Hodge's assignment of her rights, title, and interest in an Option and Lease Agreement by and between Hodge and Defendants dated November 8, 2000.

24. By virtue of the Purchase and Sale of Easement and Assignment Agreement, Defendants are obligated to pay Plaintiff monthly rent in the amount of $732.05.

25. Defendants have failed to make a single monthly rent payment to Plaintiff pursuant to Hodge's assignment of the Option and Lease Agreement to Plaintiff.

26. Additionally, once Defendants received notice of the Purchase and Sale of Easement and Assignment Agreement by and between Plaintiff and Hodge, Defendants failed to pay rent to Hodge. As such, the Plaintiff mailed a Notice of Default on November 11, 2024. Pursuant to Subsection (22) of the Option and Lease agreement, the Defendants had (10) days to cure any defaults by reason of non-payment.

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000005 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000005 of 000008

27. A check dated December 2, 2024 was made out and mailed to Hodge on or near that date. No payments for rent have been received since the payment dated December 2, 2024, including payments for January, February, or March of 2025.

28. A subsequent Notice of Default dated March 6, 2025 was sent via Fed Ex and was delivered on March 7th. Pursuant to Subsection (22) of the Option and Lease agreement, the Defendants had (10) days to cure a default by reason of non-payment and have failed to do so.

29. As a result of Defendants breach of the Option and Lease Agreement, which was validly assigned to Plaintiff by Hodge, Plaintiff has suffered, and will continue to suffer, damages in an amount in excess of the minimum jurisdictional limits of this Court.

## CAUSE OF ACTION – UNJUST ENRICHMENT

30. Plaintiff repeats and realleges each preceding allegation stated herein.

31. Defendants have a leasehold interest in real property located at 1051 Rock Creek Lane, Big Clifty, Hardin County, Kentucky, as Lessee.

32. Plaintiff was assigned the Lessor Hodge's interest in said leasehold for the above-described real property of which the Defendants are Lessees.

33. By virtue of Defendants' leasehold interest, Defendants earn income or otherwise conduct business to their benefit, as a result of Defendants' business relationships and services provided to and with other telecommunications companies.

34. Despite Defendants' benefit received therefrom, Defendants have refused to pay the full rental amount due and owing to Plaintiff, as Lessor.

35. Defendants are in full receipt of their benefit contemplated by the lease agreement by and between Defendants and Hodge, who assigned the lease to Plaintiff.

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000006 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000006 of 000008

36. Defendants' failure to pay the full amount due and owing to Plaintiff, as lessor, while remaining on the premises and conducting their business thereon, has resulted in Defendants being unjustly enriched to the detriment of Plaintiff.

## CAUSE OF ACTION – FORCIBLE DETAINER

37. Plaintiff repeats and realleges each preceding allegation stated herein.

38. Pursuant to the Purchase and Sale of Easement and Assignment Agreement by and between Plaintiff and Hodge, Plaintiff provided written Notice of Default to Defendants on or about November 11, 2024 due to non-payment of rent. Pursuant to Subsection (22) of the Option and Lease Agreement, Defendants are given (10) days to cure said default for non-payment of rent. A payment was tendered dated December 2, 2024, which is more than (10) days after notice was received. Defendants are aware of their ongoing obligation to pay rent and have continuously failed to do so for more than (3) continuous months in 2025.

39. Subsection (22) of the Option and Lease Agreement goes on to state "in the event any specific default occurs (3) or more times during an Initial Term or a Renewal Term, the default shall no longer be subject to notice and cure provisions of this agreement and such action or default shall constitute an automatic default under the agreement." Defendants have now failed to pay rent to Hodge or the Plaintiff for January, February, and March of 2025, resulting in three specific instances of default.

40. A Notice of Default dated March 6, 2025 was sent via Fed Ex to the Defendants and was delivered on March 7th. Pursuant to Subsection (22) of the Option and Lease agreement, the Defendants had (10) days to cure a default by reason of non-payment and have failed to do so.

41. Defendants have breached the Option and Lease Agreement and are currently in default thereof.

42. By virtue of Defendants' breach and default of the Option and Lease Agreement, Defendants are unlawfully and forcibly detaining real property located at 1051 Rock Creek Lane, Big Clifty, Hardin County, Kentucky.

43. Plaintiff is seeking restitution of their interest in the property located at 1051 Rock Creek Lane, Big Clifty, Hardin County, Kentucky.

**WHEREFORE**, the Plaintiff, LD Telecom Assetco, LLC, prays for the following relief:

a)   A trial by jury on all issues so triable;

b)   A judgment against Defendants;

c)   A declaratory judgment in favor of Plaintiff;

d)   An award of compensatory damages against Defendants;

e)   Pre-judgment and post-judgment interest;

f)   A forcible detainer judgment against Defendants and warrant of possession;

g)   An award of attorney's fees and costs; and

h)   Any and all other relief to which Plaintiff may appear entitled.

This the 18th day of March, 2025.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782
Email: benglish@elpolaw.com
        kkaneroby@elpolaw.com

*/s/ Charles E. English, Jr.*
CHARLES E. ENGLISH, JR.

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000008 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

COM : 000008 of 000008

# Exhibit A

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000009 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000001 of 000038

Filed        25-CI-00509    03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

This Instrument Prepared By:
Jennifer Sturgeon
JMSites LLC

Site Name: Summit        Site ID: 263-170-00A

## OPTION AND LEASE AGREEMENT

This Option and Lease Agreement ("Agreement") is entered into by and between Tritel Communications, Inc., a Delaware corporation ("Lessee") and **Joseph R. and Jove K. Hodge** ("Lessor"), and if Lessor is an individual, Lessor _____ married.

**NOW, THEREFORE**, for good and valuable consideration, the parties hereto covenant and agree as follows:

### I. OPTION

1.   **Grant of Option.** Lessor is the owner of real property described in Exhibit "A" attached hereto (the "Property"). Upon the terms and conditions set forth in this Agreement, Lessor conveys and warrants to Lessee the exclusive right and option (the "Option") to lease a portion of the Property as depicted in Exhibit "B" attached hereto (the "Site") for the purpose of constructing, installing, establishing, maintaining, operating, modifying and replacing a telecommunications or wireless transmission facility including without limitation, towers, antenna structures, communications and other equipment, antenna, transmitters, receivers, cable, wiring, transmission lines, shelters, cabinets, installations and fixtures (collectively the "Equipment") together with a non-exclusive right to (a) all rights, easements for ingress, egress, access and utilities and appurtenant rights pertaining to the Property including any right, title and interest of Lessor in and to adjacent streets, alleys and rights-of-way and (b) a non-exclusive easement over so much of the Property as is reasonably necessary for (i) access, ingress and egress to and from the Site by vehicle, foot or otherwise and (ii) the installation, maintenance, repair and replacement of requisite wires, cables, transmission lines, conduits and pipes for the installation, operation and maintenance of the Equipment and for utilities, telephone and electricity (collectively the "Easement") (the Site and the Easement are referred to as the "Premises").

2.   **Consideration.** Upon the full execution of this Agreement, Lessee will pay to Lessor the sum of **One Hundred** Dollars (**$100.00**) (the "Option Money") in consideration of the grant of the Option. In the event that the Lessee exercises the Option, Lessor shall lease the Premises to the Lessee and grant the Easement to the Lessee pursuant to the terms of this Agreement and the Option Money shall be credited against the first year's annual rent. In the event that the Lessee does not exercise the Option, the Lessor shall retain the Option Money in full satisfaction of all liabilities or obligations of Lessee under this Agreement.

3.   **Term of Option.** The term of the Option will commence upon the Effective Date of this Agreement and will terminate at 11:59 p.m. six months after the Effective Date (the "Initial Option Period"). The term of the Option may be extended for **one** additional periods of **six (6)** months each (each the "Renewal Option Period") (the Initial Option Period and Renewal Periods are hereinafter referred to as the "Option Period") by (a) delivering written notice to Lessor prior to the expiration of the Initial Option Period or the Renewal Option Period of Lessee's intention to extend the Option Period (or Renewal Option Period as the case may be) and (b) payment of **One Hundred** Dollars (**$100.00**) to Lessor.

4.   **Exercise of Option.** Lessee shall exercise the Option by giving written notice of Lessee's intent to exercise the Option to Lessor prior to the expiration of the Option Period or the Renewal Option Period.

5.   **Permits and Approvals.** Upon the request of the Lessee, Lessor agrees to cooperate with Lessee in obtaining, at Lessee's expense, any licenses, permits and other approvals required by any federal, state or local authority for the Premises, Lessee's use of the Premises and/or the installation and use of the Equipment (the "Approvals") during the Option Period and the Initial Term and/or Renewal Terms of this Agreement. Lessee, without the consent or joinder of lessor, may file any applications, obtain any Approvals or otherwise take any actions necessary for any Approvals (in the Lessee's discretion) or to obtain any Approvals. In the event that the Lessee does not obtain any such Approvals or such Approvals are cancelled, rescinded, denied, terminated, amended, limited or otherwise revoked in whole or part, the Lessee shall not be obligated to exercise any option under this Agreement.

6.   **Inspections and Investigations.** Lessor hereby grants to Lessee, its employees, officers, agents and independent contractors the right and privilege to enter upon the Property and the Easement at any time during the Option Period to inspect and test the Property, the Premises, the Site and/or the Easement and to conduct and perform some or all of the following activities (the "Permitted Activities"): surveys, geotechnical soil borings and analyses, environmental studies or audits, surveys, engineering studies, radio propagation studies, and such other tests and inspections of the Property, the Premises, the Site and/or the Easement as Lessee deems necessary. Lessor shall provide Lessee with any necessary keys or access codes to the Property, the Premises, the Site and/or the Easement if needed for ingress and egress. Lessee shall be responsible for the costs of the Permitted Activities and shall restore to its prior condition any portion of the Property, Site, Premises and Easement disturbed by Lessee.

7.   **Taxes.** Any ad valorem taxes or other special assessment taxes attributable to the Property or the Premises and the Easement during the Option Period shall be paid by Lessor.

8.   **Memorandum.** Lessor may require Lessee to execute and record in the official records of the County in which the Premises is located a Memorandum of Option. Lessee will pay the recording costs.

### II. LEASE

9.   **Premises.** (a) Upon the exercise of the Option, Lessor agrees to lease and hereby leases the Site and the Premises to the Lessee and gives and grants to the Lessee the Easement. Lessee will have access to the Site 24 hours per day, 7 days per week. Upon Lessee's request, Lessor shall execute and deliver independent recordable documents evidencing the Easement or any easement for utilities, access or otherwise. Lessor shall cooperate with Lessee in obtaining, assist Lessee in obtaining, and use its best efforts to obtain any easements, rights-of-way or similar interests to the Premises or the Property from adjacent property owners or any party (whether such party is Lessor or a third party). Lessor grants to Lessee the right to use such portions of Lessor's Property or any surrounding property owned by Lessor (or in which Lessor has an interest) as are reasonably required during construction, installation, maintenance and operation of the Equipment, including without limitation for construction and for compliance with the posting requirements of the Federal Communications Commission.

(b)   Upon the completion of the design, surveying, engineering and construction of the Equipment and the Premises, the Lessee may add a detailed site plan as Schedule 1 to Exhibit "B" which specifically describes the Premises and any and all easements and rights-of-way to the Site and metes and bound description as Schedule 2 to Exhibit "B" which specifically describes the Premises and any and all easements and rights-of-way to the Site. The Lessee shall have the right to require the Lessor to initial and approve such site plan, such approval and initialing not to be unreasonably withheld. In the event of any discrepancy between Exhibit "B" and the Schedules 1 and 2, Schedules 1 and 2 shall control.

10.   **Term.** The initial term of the Lease shall be five (5) years ("Initial Term"), commencing the date Lessee has provided Lessor written notice of Lessee's exercise of the Option provided in paragraph "4" ("Commencement Date"), and shall automatically be renewed, without need of further documentation, for four (4) additional five-year terms ("Renewal Terms") unless Lessee provides Lessor notice of its intention not to renew 90 days prior to the expiration of the Initial or then Renewal Term.

11.   **Rent.** Annual rental for the Premises shall be **Six Thousand** and 00/100 Dollars (**$6,000.00**) for the Initial Term, payable in monthly installments of **Five Hundred** and 00/100 Dollars (**$500.00**) each paid to Lessor at its address set forth in the Notice Section hereof. The first month's rent shall be paid on the Commencement Date and thereafter paid in advance on the first day of each month. For any Renewal Term, Lessee shall pay the then current rent plus a 10% increase over the preceding five-year term. Rent shall be prorated for any partial month at the beginning or end of the term of this Lease.

12.   **Improvements.** (a) At Lessee's expense, Lessee may install, construct, reconstruct, operate, demolish and maintain the Equipment on the Premises. Lessee may complete all work necessary to prepare, maintain and alter the Premises for operation of the Equipment. Notwithstanding its affixation to the Premises, the Equipment shall remain Lessee's personal property and Lessor waives any lien rights it may have concerning the Equipment and the Equipment shall not become a fixture to the Property or the Premises, regardless of whether or not the same is deemed real or

Filed        25-CI-00509    03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000010 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000002 of 000038

personal property under applicable laws. Lessee may remove, and/or replace all or part of the Equipment and substitute other equipment, all at its sole expense, on or before the expiration or earlier termination of this Agreement and shall make any necessary repairs to the Premises, caused by such removal, except for reasonable wear and tear and casualty loss.

(b) At Lessee's expense, Lessee may upgrade the present utilities, install new utilities on the Premises or bring utilities to the Premises, including but not limited to a standby power generator for Lessee's exclusive use.

(c) Lessor shall provide to Lessee, Lessee's employees, agents, independent contractors and subcontractors access over the Property to the Premises 24 hours a day, 7 days a week, at no charge to Lessee.

(d) Lessor shall not have unsupervised access to the Premises or the Equipment.

13. **Compliance with Law.** Lessee shall install and operate the Equipment in a manner which shall comply with all federal, state and local laws and regulations governing the installation, operation and use thereof, including but not limited to those of the FCC and the U.S. Environmental Protection Agency ("EPA"). Lessee shall comply with all federal, state and local laws and regulations governing the Property, including but not limited to those of the EPA. Lessor represents that the Property is presently in compliance with all such laws and regulations.

14. **Hazardous Substances.** (a) Lessor represents that it has no knowledge of any substance, chemical or waste (collectively "Hazardous Substance") on the Property that is identified as hazardous, toxic or dangerous in any applicable federal, state or local law or regulation.

(b) Lessor, its heirs, grantees, successors, and assigns shall indemnify, defend, reimburse and hold harmless Lessee from and against any and all environmental damages arising from the presence of Hazardous Substance upon, about or beneath the Property or migrating to or from the Property or arising in any manner whatsoever out of the violation of any environmental requirements pertaining to the Property and any activities thereon, which conditions exist or existed prior to or at the time of the execution of this Agreement or which may occur at any time in the future through no fault of Lessee.

(c) Notwithstanding the obligation of Lessor to indemnify Lessee pursuant to this Agreement, Lessor shall, upon demand of Lessee, and at Lessor's sole cost and expense, promptly take all actions to remediate the Premises which are required by any federal, state or local governmental agency or political subdivision or which are reasonably necessary to mitigate environmental damages or to allow full economic use of the Premises, which remediation is necessitated from the presence upon, about or beneath the Premises of a Hazardous Substance. Such actions shall include but not be limited to the investigation of the environmental condition of the Premises, the preparation of any feasibility studies, reports or remedial plans, and the performance of any cleanup, remediation, containment, operation, maintenance, monitoring or actions necessary to restore the Premises to the condition existing prior to the introduction of Hazardous Substance upon, about or beneath the Premises notwithstanding any lesser standard of remediation allowable under applicable law or governmental policies.

(d) Lessee will not introduce or use any Hazardous Substance on the Premises in violation of any applicable law.

15 **Interference.** Lessee shall install and operate the Equipment in a manner which shall not cause technical interference to the legally, properly tuned and operating equipment of Lessor and other lessees upon the Property which exists upon the Premises as of the execution date of this Agreement. Beginning on the execution date of this Agreement, Lessor shall not allow any other use of the Property which will cause interference with Lessee's use and Lessor will not permit or suffer the installation of future equipment, antenna, microwave or other items upon the Property (or any other contiguous or adjacent properties in which Lessor holds an interest) which will result in or cause technical interference with the Equipment or Lessee's use of the Premises. In the event of such interference, Lessor will take all necessary action to ensure the party causing the interference takes appropriate action to correct and eliminate the interference. Such interference shall be deemed a material breach of this Agreement by Lessor and Lessor shall have the responsibility to terminate said interference. In the event any such interference does not cease or is not promptly rectified, Lessor acknowledges that continuing interference will cause irreparable injury to Lessee, and Lessee shall have the right, in addition to any other rights that it may have at law or in equity, to bring action to enjoin such interference or to terminate this Agreement immediately upon notice to Lessor without regard to any notice provisions provided in paragraph 26 of this Agreement.

16. **Real Estate Taxes.** (a) Lessor will pay when due all real estate taxes and assessments attributable to the Property of the Lessor of which the Premises is a part. In the event that Lessor fails to pay when due any taxes affecting the Premises, Lessee shall have the full right but not the obligation to pay such taxes and deduct the full amount of the taxes paid by the Lessee on Lessor's behalf from future installments of rent.

(b) Lessee shall pay any personal property taxes and any increase in real property taxes on, or any portion of such taxes directly attributable to the Equipment or Lessee's use of the Premises.

17. **Non-disturbance and Clearance of Title.** In the event the Property is encumbered by a mortgage as of the date of this Agreement, the Lessor immediately after this Agreement is executed, will request that the holder of each such mortgage execute a non-disturbance agreement, to be prepared by Lessee, and cooperate with Lessee toward obtaining execution thereof. In the event that there are any encumbrances, defects or other problems with title to the Site, Lessor shall exercise its best efforts to remove any such encumbrances, defects or problems and/or to assist Lessee in the removal of such encumbrances, defects or problems, provided however, Lessee shall not undertake any obligation hereunder or to be required to remove such encumbrance, defect or problem. Moreover, this provision does not relieve lessor of any obligation under this Agreement to provide Lessee with clear, good and marketable title to the Site.

18. **Sale or Mortgage of Property.** Should Lessor, at any time after the execution date of this Agreement, decide to sell, mortgage or encumber all or any part of the Property, such transaction and its documentation shall be subject to this Agreement and Lessee's rights hereunder.

19. **Insurance; Indemnity.** Lessee shall maintain a public liability policy, with limits of not less than $1,000,000.00 for bodily injury, not less than $1,000,000.00 for property damage, not less than $2,000,000.00 aggregate, with a certificate of insurance to be furnished to Lessor within thirty (30) days of written request. Such policy shall provide that termination or cancellation will not occur without at least fifteen (15) days prior written notice to Lessor. Each party shall indemnify and hold harmless the other party from any claim, liability, cost or loss (including attorney fees and expenses) resulting from or arising out of the ownership, use, occupancy of the Property by the indemnifying party or its agents, servants or invitees (except for such claims, liabilities or losses as may be due to or caused by acts of the other party or its servants, agents or invitees). The indemnity obligation under this paragraph will survive termination of this Agreement.

20. **Condemnation.** If a condemning authority takes all of the Premises, or a portion sufficient in Lessee's determination, to render the Premises in the opinion of Lessee unsuitable for the use which Lessee was then making of the Premises, this Agreement shall terminate as of the date the title vests in the condemning authority. Lessor and Lessee shall share in the condemnation proceeds in proportion to the values of their respective interests in the Premises (which for Lessee shall include, where applicable, the value of its Equipment, moving expenses, prepaid rent and business dislocation expenses). A sale of all or part of the Premises to a purchaser with the power of eminent domain in the face of the exercise of eminent domain power shall be treated as a taking by condemnation for the purposes of this paragraph.

21. **Title, Authority and Quiet Enjoyment.** Lessor hereby represents and warrants that (i) it holds good and marketable title to the Property, (ii) it has full authority to enter into and execute this Agreement and that the person signing this Agreement has the authority to sign this Agreement, and (iii) provided Lessee has made rental payments as required hereunder, Lessee shall have quiet enjoyment of the Premises. Lessor agrees to execute, whether contemporaneously with this Agreement or at a later date, any documents reasonably required by Lessee or Lessee's title insurance provider evidencing the authority of the person or persons who execute this Agreement on behalf of Lessor to bind Lessor to the terms herein. Lessee hereby represents and warrants that it has full authority to enter into and execute this Agreement.

22. **Termination.** This Agreement may be terminated as follows:

(a) by either party, upon default of any covenant or term of this Agreement by the other party, which default is not cured within thirty (30) days of receipt of written notice, provided that the cure period for any monetary default is ten (10) days from receipt of notice and that the cure period for any default which arises from (i) the Lessor's failure or refusal to provide Lessee with immediate and complete access to the Premises, or (ii) Lessee's inability to use or access the Premises or Equipment (whether such prohibition is caused or intended by Lessor or not) shall be forty-eight (48) hours from the receipt of notice. In the event any specific default occurs three or more times during any Initial Term or Renewal Term, such

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000011 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000003 of 000038

default shall no longer be subject to the notice and cure provisions of this Agreement and such action or default shall constitute an automatic default under this Agreement. During the continuance of any default after such notice and cure period (to the extent applicable), the non-defaulting party may terminate this Agreement by giving notice of termination to the defaulting party, and the non-defaulting party may exercise any other remedies it may have under this Agreement or at law;

(b) by Lessee, without further liability hereunder, upon providing ten (10) days notice: (i) if Lessee is unable to obtain or maintain any Approval or obtain any easements from any party for the Premises; (ii) if, due to changed circumstances, Lessee determines that for technological reasons, the Premises are no longer suitable for their intended purpose; (iii) if Lessee determines that any of the Equipment cannot be used without interference from, or causing any undue interference to, other property or equipment in the area of the Property; (iv) if Lessee determines that the Premises are not appropriate for Lessee's operations for economic reasons or any other reason in Lessee's discretion; or (v) if the Premises or Equipment are destroyed or damaged and rendered unsuitable for normal use. In such event, all rights and obligations of the parties shall cease as of the date of the damage or destruction.

## III.    MISCELLANEOUS

23.  **Waiver of Incidental and Consequential Damages.**  Lessor will not assert any claim whatsoever against Lessee for loss of anticipatory profits or any other indirect, special, incidental or consequential damages incurred by Lessor as a result of the construction, maintenance, operation or use of the Property or the Easement by Lessee or the breach of this Agreement by Lessee.

24.  **Attorney Fees.**  In the event of a breach of this Agreement, the substantially prevailing party in any litigation arising as a result of such breach shall be entitled to its reasonable attorney's fees and court costs, including appeals, if any.

25.  **Effective Date.**  The Effective Date (the "Effective Date") of this Agreement shall be and hereby is the date that the last party signs this Agreement.

26.  **Notices.**  All notices and other communications hereunder shall be in writing and shall be deemed validly given and effective when sent, if personally delivered or sent via overnight courier providing proof of service, or sent by certified mail, return receipt requested, as follows (or any other address that the party to be notified may designate by like notice to the sender):

If to Lessor:    Joseph R. and Joye K. Hodge
1051 Rock Creek Road
Big Clifty, KY  42712

If to Lessee:    Jackie Warren
Manager, Lease Administration
TRITEL Communications, Inc.
111 East Capitol Street
Suite 500
Jackson, MS  39201
(601) 914-8000

27.  **Assignment.**  Lessee shall have the right to assign, transfer or sublease this Agreement or any interest herein, (or all or any portion of the Premises) including without limitation, any subleases, licenses or co-locations, and including, without limitation, any and all rights to use the Easements or any portion of the Site or the Premises, without the consent of Lessor.

28.  **Memoranda.**  This Agreement shall run with the Property. Lessee shall have the right to submit this Agreement, or a Memorandum of Lease and/or Memorandum of Option which Lessor agrees to execute and acknowledge, for reordation to the appropriate governmental agency having jurisdiction over the Property.

29.  **Miscellaneous.**  This Agreement constitutes the entire agreement between the parties and supersedes all prior written and verbal agreements, representations, promises or understandings between the parties hereto. Any amendments to this Agreement must be in writing and executed by both parties. If any provision of this Agreement is invalid or unenforceable, the remainder of this Agreement shall not be affected and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law. This Agreement shall be binding upon and inure to the benefit of the parties, their respective heirs, executors, successors, administrators and assigns. This Agreement is governed by the laws of the state in which the site is located.

30.  **Non-Binding Until Fully Executed.**  This Agreement is for discussion purposes only and does not constitute a formal offer by either party. This Agreement is not and shall not be binding on either party until and unless it is fully executed by both parties.

31.  **Homestead Property.**  Lessor warrants that the Property _____ homestead property. If applicable, the Lessor swears and avers that the Property and Premises are not homestead property and have never been Lessor's homestead property and have not or have never been Lessor or Lessor's spouse's homestead property.

32.  **Addendum.**  If Lessor and Lessee have agreed to amend any of the foregoing terms of this Agreement by addendum, the Lessor's initials appear here _____ and the Lessee's initials appear here _____ and _____ number of addenda are attached hereto. The Addendum (or Addenda) are incorporated herein by reference.

IN WITNESS WHEREOF, the parties hereto have executed this Lease as of the date set forth above.

LESSEE:    Tritel Communications, Inc.

| | |
|---|---|
| By: | _Kenneth F. Harris_ |
| Name: | Kenneth F. Harris |
| Title: | Director of Site Acquisition and Property Administration |
| Address: | 111 East Capitol Street |
| | Suite 500 |
| | Jackson, MS 39201 |
| Phone Number: | 601-914-8000 |
| Date: | 11/8/00 |

LESSOR:    Joseph R. and Joye K. Hodge
(If married and homestead, spouse must sign)

| | |
|---|---|
| By: | _Joseph R. K. Hodge_ |
| Name: | Joseph R. Hodge |
| Title: | |
| Address: | 1051 Rock Creek Road |
| | Big Clifty, KY 42712 |
| Phone Number: | 270-862-4874 |
| Tax ID#: | |
| Date: | 9/26/2000 |

Additional signatures:

| | |
|---|---|
| By: | _Joye K Hodge_ |
| Print Name: | Joye K. Hodge |
| By: | _____ |
| Print Name: | _____ |
| By: | _____ |
| Print Name: | _____ |

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000012 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000004 of 000038

Exhibit "A"

**Property**

1. The street address of the Property is:

   1051 Rock Creek Road
   Big Clifty, KY 42712

2. The Assessor's Parcel Number is:

3. The Property is legally described as:

> BEGINNING at a point on the north side of Rock Creek
> Road, with said point furthermore being the south-
> eastern corner of property previously purchased by
> Joseph Ray Hodge from his father by Deed of record
> in Deed Book 277, Page 221, in the Office of the
> Clerk of the Hardin County Court; thence leaving
> said road and continuing in a northerly direction
> with the eastern boundary line of Joseph Ray Hodge
> property 1,230 feet to a point; thence continuing
> on in a northerly direction with the eastern
> boundary line of Jerry Staples property 370 feet
> to the right-of-way of Western Kentucky Parkway;
> thence continuing in an easterly direction with
> Western Kentucky Parkway 585 feet to a creek,
> which is a division line with property belong-
> ing to Richardson and then Schimmels; thence
> continuing in a southerly direction with the
> meanders of said creek and then Rock Creek Road
> 1,410 feet to a point; thence leaving said road
> and continuing in a westerly direction with a
> new division line with Joseph T. Hodge 200 feet
> to a point; thence continuing in a southerly
> direction with another new division line with
> Joseph T. Hodge 92 feet to a point on the north
> side of the aforementioned Rock Creek Road; thence
> continuing with said road in a westerly direction
> 215 feet to the point of beginning and containing
> approximately 16 acres, more or less.
>
> Being a portion of the same property conveyed to
> first parties by Deed dated the 12th day of September,
> 1953, from Timmie J. Cash, et al., as recorded in
> Deed Book 170, Page 521, and by Deed dated August 25,
> 1961, from Ralph Cash, et ux., as recorded in Deed
> Book 171, Page 85, both in the Office of the Clerk
> of the Hardin County Court.



1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000013 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000005 of 000038

Exhibit "B"

<u>Premises</u>

The Premises is described as follows:



1. A permit drawing or drawings depicting the Premises shall supplement this Exhibit "B" as provided in paragraph 9(b) of this agreement.
2. Locations of Equipment, easements and utility runs are proposed and subject to Lessor's reasonable approval, and may be changed based on zoning, engineering or construction conditions.



1DA11390-A2E4-4EC5-991F-6BA36F2F983 : 000014 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000006 of 000038

Deanna Simcoe, Hardin Circuit Clerk

**LESSOR NOTARY BLOCK S FOR KENTUCKY, IF INDIVIDUAL**

STATE OF _____
COUNTY OF _____

Personally appeared before me, the undersigned authority in and for the said county and state on this 26 th day of _____, 2000, within my jurisdiction, the within named Joseph R. Hodge, who acknowledged that (he) (she) (they) executed the above and foregoing instrument.

_____
Notary Public

My Commission Expires:
June 30, 2002

STATE OF _____
COUNTY OF _____

Personally appeared before me, the undersigned authority in and for the said county and state on this 26 th day of _____, 2000, within my jurisdiction, the within named Joye K. Hodge, who acknowledged that (he) (she) (they) executed the above and foregoing instrument.

_____
Notary Public

My Commission Expires:
June 30, 2002

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000015 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000007 of 000038

**NOTARY BLOCK FOR TRITEL**

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally appeared before me, the undersigned authority in and for the said county and state, on this 8th day of November, 2000, within my jurisdiction, the within named **Kenneth F. Harris**, who acknowledged that (he) (she) is **Director of Site Acquistion and Property Administration** of **TRITEL COMMUNICATIONS, INC.** , a Delaware corporation, and that for and on behalf of the said corporation, and as its act and deed (he) (she) executed the above and foregoing instrument, after first having been duly authorized by said corporation so to do.

My Commission Expires:
Commission 25 2001

Lora E. Lambert
(Notary Public)

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000016 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000008 of 000038

Filed          25-CI-00509    03/18/2025          Deanna Simcoe, Hardin Circuit Clerk

# Exhibit B

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000017 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000009 of 000038

Page 1 of 5

BK 1010P50209

| This Instrument Prepared By:<br>Jennifer M. Sturgeon<br>JMSites LLC<br>2310 Valletta Lane<br>Louisville, KY 40205 | Site Name: Hodge Property | Site ID: 263-170-00A | Indexing Instructions:<br>_____<br>_____<br>_____ |

**Memorandum of Lease Agreement**

This memorandum evidences that a lease was and hereby is made and entered into by written Lease Agreement dated _11-7_, 200_0_, between Joseph R. and Joye K. Hodge ("Lessor") and Tritel Communications, Inc., a Delaware corporation ("Tritel").

Such Agreement provides in part that Lessor leases to Tritel and Lessor does hereby lease to Tritel a certain site ("Site") located at 1051 Rock Creek Road City of Summit, County of Hardin, State of Kentucky, within the property of Lessor which is described in Exhibit A attached hereto (or such Site which itself and the easements thereto are more particularly described in Exhibit "A"), with grant of and Lessor hereby grants a non-exclusive easement for unrestricted rights of access thereto and to electric and telephone facilities for a term of five (5) years commencing on 7/12, 2001, which term is subject to four (4) additional five (5) year extension periods by Tritel.

IN WITNESS WHEREOF, the parties have executed this Memorandum as of the day and year first above written.

| LESSEE: | Tritel Communications, Inc. |
| By: | *Kenneth F. Harris* |
| Name: | Kenneth F. Harris |
| Title: | Director of Site Acquisition and Property Administration |
| Address: | 111 East Capitol Street Ste 500 |
| | Jackson, MS 39201 |
| Phone Number: | 601-914-8000 |
| Date: | 11/21/00 |

| LESSOR: | |
| | (If married and homestead spouse must sign) |
| By: | |
| Name: | Joseph R. Hodge *Joseph R. Hodge* |
| Title: | |
| Address: | 1051 Rock Creek Road |
| | Summit, KY 42783 |
| Phone Number: | 270-862-4874 |
| Tax ID#: | 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 |
| Date: | 11-15-00 |

| Additional signatures: | |
| By: | |
| Print Name: | Joye K. Hodge *Jaye K Hodge* |
| By: | |
| Print Name: | |
| By: | |
| Print Name: | |

Attach Exhibit A - Site Description

*[handwritten vertical margin notes, left side, partially illegible]*
*Tifford Dobbins, Alexander Buckaway & Black Ste 1400 One RiverFront Pl. Louisville KY 40202-...*

Memo of Lease Agmt. 11/25/98

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000018 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000010 of 000038

Page 2 of 5

### Exhibit "A"

**Property**

BK 1 0 1 0 PG 0 2 1 0

1. The street address of the Property is:

   1051 Rock Creek Road
   Big Clifty, KY  42712

2. The Assessor's Parcel Number is:

3. The Property is legally described as:

BEGINNING at a point on the north side of Rock Creek
Road, with said point furthermore being the south-
eastern corner of property previously purchased by
Joseph Ray Hodge from his father by Deed of record
in Deed Book 277, Page 221, in the Office of the
Clerk of the Hardin County Court; thence leaving
said road and continuing in a northerly direction
with the eastern boundary line of Joseph Ray Hodge
property 1,230 feet to a point; thence continuing
on in a northerly direction with the eastern
boundary line of Jerry Staples property 370 feet
to the right-of-way of Western Kentucky Parkway;
thence continuing in an easterly direction with
Western Kentucky Parkway 585 feet to a creek,
which is  a  division line with property belong-
ing to Richardson and then Schimmels; thence
continuing in a southerly direction with the
meanders of said creek and then Rock Creek Road
1,410 feet to a point; thence leaving said road
and continuing in a westerly direction with a
new division line with Joseph T. Hodge 200 feet
to a point; thence continuing in a southerly
direction with another new division line with
Joseph T. Hodge 92 feet to a point on the north
side of the aforementioned Rock Creek Road; thence
continuing with said road in a westerly direction
215 feet to the point of beginning and containing
approximately 16 acres, more or less.

Being a portion of the same property conveyed to
first parties by Deed dated the 12th day of September,
1953, from Timmie J. Cash, et al., as recorded in
Deed Book 170, Page 521, and by Deed dated August 25,
1961, from Ralph Cash, et ux., as recorded in Deed
Book 171, Page 85, both in the Office of the Clerk
of the Hardin County Court.



1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000019 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000011 of 000038

Page 3 of 5

### INDIVIDUAL ACKNOWLEDGMENT

COMMONWEALTH OF KENTUCKY
COUNTY OF _HARDIN_

BK I O I O PG O 2 I I

The foregoing instrument was acknowledged before me this _11-15-00_ by
(Date)

_Joseph R. Hodge._
(Name of Person)

WITNESS my hand and seal at office, on this _15th_ day of _November_, 200 _O_

_Jennifer M. Sturgeon_
(Notary Public

My Commissions Expires:
_June 1, 2001_

Memo of Lease Agmt. 11/25/98

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000020 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000012 of 000038

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000021 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000013 of 000038

Page 4 of 5

### INDIVIDUAL ACKNOWLEDGMENT

BK 1010 PG 0212

COMMONWEALTH OF KENTUCKY
COUNTY OF HARDIN

The foregoing instrument was acknowledged before me this _11-15-00_ by
                                                         (Date)

Joye K. Hodge.
(Name of Person)

WITNESS my hand and seal at office, on this _15th_ day of _November_, 2000.

Jennifer M. Sturgeon
Notary Public

My Commissions Expires:
June 1, 2001

Memo of Lease Agmt. 11/25/98

Filed    25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

Page 5 of 5

**NOTARY BLOCK FOR TRITEL**

BK 1010 P0 0213

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally appeared before me, the undersigned authority in and for the said county and state, on this 21st day of _____, 19__, within my jurisdiction, the within named **Kenneth F. Harris**, who acknowledged that (he) (she) is **Director of Site Acquisition and Property Administration** of **TRITEL COMMUNICATIONS, INC.**, a Delaware corporation, and that for and on behalf of the said corporation, and as its act and deed (he) (she) executed the above and foregoing instrument, after first having been duly authorized by said corporation so to do.

_Zora E. Lambert_
Notary Public



STATE OF KENTUCKY
COUNTY OF HARDIN SCT.
I, KENNETH L. TABB, CLERK OF SAID COUNTY COURT, HEREBY CERTIFY THAT THE FOREGOING INSTRUMENT HAS BEEN DULY RECORDED IN _Deed_ BOOK _210_ PAGE _209_ IN MY SAID OFFICE.
KENNETH L. TABB, CLERK

BY _Linda Smith_ D.C.

2001 SEP 20 A 11: 16

Memo of Lease Agmt. 05/03/99

Filed    25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000022 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000014 of 000038

Filed          25-CI-00509     03/18/2025          Deanna Simcoe, Hardin Circuit Clerk

# Exhibit C

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000023 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000015 of 000038

Filed          25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

Type: DEEDS
Kind: EASEMENT - DEED
Recorded: 1/18/2023 2:57:29 PM
Fee Amt: $80.00  Page 1 of 15
Receipt#: 202300000628
Revenue Tax: $0.00
Hardin County Clerk
Brian D. Smith Clerk

## BK 1546  PG 1535 - 1549

### EASEMENT AGREEMENT

PIN: 074-00-00-044

**STATE OF: KENTUCKY**
**COUNTY OF: HARDIN**

Document Date:  January 13, 2023

| | |
|---|---|
| **GRANTOR:** | **JOYE KATHERINE HODGE, who acquired title as Joyce Katherine Hodge, as surviving Joint Tenant** |
| Address: | 1051 Rock Creek Lane |
| | Big Clifty, KY 42712-6721 |
| | |
| **GRANTEE:** | **LD TELECOM ASSETCO LLC,** |
| | **a Delaware limited liability company** |
| Address: | 400 Continental Blvd., Ste. 500 |
| | El Segundo, CA 90245 |
| | |
| With a copy to: | P.O. Box 3429 |
| | El Segundo, CA 90245 |
| | |
| Legal Description: | Attached as Exhibit A. |

**Prepared by:**

*Tessa Linde* ESQ.

Tessa Linde, Esq.
Landmark Dividend LLC
400 Continental Blvd., Suite 500
El Segundo, CA  90245
TC220598

**Return after recording to:**
Auro Solutions, LLC, DBA Tower Title & Closing
18 Imperial Pl
Providence, RI 02903-4641
LD-143132-C

TC PSA (Ground)/TL                                    TC220598/ Joye K Hodge

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000024 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000016 of 000038

Filed          25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

# EASEMENT AGREEMENT

_January 13_ _____, 2023 (the "**Effective Date**") is by and between **JOYE KATHERINE HODGE**, who acquired title as Joyce Katherine Hodge, as surviving Joint Tenant ("**Grantor**"), and **LD TELECOM ASSETCO LLC**, a Delaware limited liability company ( "**Grantee**").

This Easement Agreement    (this    "**Agreement**")    dated

**WHEREAS**, Grantor owns certain real property located at: 1051 Rock Creek Lane in the City of Big Clifty, County of Hardin, State of Kentucky; and more particularly described in <u>Exhibit A</u> attached hereto (the "**Property**");

**WHEREAS**, pursuant and subject to that certain Purchase and Sale of Easement and Assignment Agreement by and between Grantor and Grantee, of even date herewith (the "**Purchase Agreement**"), Grantor intends to grant to Grantee an exclusive easement (the "**Communications Easement**") in, to, under, over and through a certain portion or portions of the Property as further described in <u>Exhibit B</u> attached hereto (the "**Communications Easement Area**") for: (i) the purpose of operating, leasing, subleasing, or licensing space in and on the Communications Easement Area to communications tenant(s) (each or collectively, as applicable, the "**Tenant(s)**") and any additional uses associated with the exercise of the rights of such tenants under such leases, subleases, or licenses including, without limitation, the installation, operation, maintenance of and access to communications facilities; and (ii) any other lawful use Grantee may require (the "**Permitted Uses**") and a non-exclusive easement (the "**Access and Utility Easement**") in, to, under, over and through certain portions of the Property, as further described in <u>Exhibit B</u> attached hereto (the "**Access and Utility Easement Area**" together with the Communications Easement Area, the "**Easement Area**") for ingress, egress, maintenance and utility service for and to the Communications Easement (the Communications Easement and the Access and Utility Easement may be collectively referred to herein as the "**Easement**");

**WHEREAS**, pursuant and subject to the Purchase Agreement, Grantor intends to sell, assign, set over, convey and transfer the existing communications lease(s) or license(s) more particularly described in <u>Exhibit C</u> attached hereto to Grantee (each or collectively, as applicable, the "**Existing Agreement(s)**").

**NOW THEREFORE,** in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto intending to be legally bound hereby agree as follows:

1.  **GRANT OF EASEMENTS.** Grantor hereby grants to Grantee an exclusive easement in, to, under, over and through the Communications Easement Area along with a non-exclusive easement in, to, under, over and through the Access and Utility Easement Area for the Permitted Uses. Grantee and its Tenant(s) shall have access to and from the Easement Area twenty-four (24) hours per day, seven (7) days per week. These easements, and Grantee's corresponding right to enter into any lease, license or other transfer/occupancy agreement with any third-party other than Tenant for such agreements, are expressly subject and subordinate to the Existing Agreement(s). Grantor and Grantee also agree to share any future rent from carriers 50/50 (50% to the Grantor) who may require additional space outside of the ground lease. In the event an agreement is executed with a carrier for space outside of the Easement, the parties shall enter into a mutually agreeable amendment to the easement contemplated herein to include such additional space. Notwithstanding anything to the contrary herein, in no event shall Grantee be permitted to enter into a lease, license or similar type of agreement for the use of any portion of the Easement with a term that extends beyond the Term or increases the obligations of Grantor without Grantor's prior written consent, which may be withheld in Grantor's sole and absolute discretion.

TC PSA (Ground)/TL                                                          TC220598/ Joyce K Hodge

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000025 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000017 of 000038

Filed    25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

**2.  TERM.** Commencing on the Effective Date (the "**Commencement Date**"), the Term of this Agreement shall be perpetual (the "**Term**").

**3.  TERMINATION.** Grantor may not terminate this Agreement. Notwithstanding anything to the contrary herein, Grantee may unilaterally terminate this Agreement and the Purchase Agreement at any time during the Term, and the Existing Telecom Agreement shall revert to Grantor.

**4.  ASSIGNMENT OF EXISTING AGREEMENT(S).** As part of the consideration provided for this Agreement, Grantor hereby unconditionally and absolutely assigns and conveys all of its right, title and interest in and to the Existing Agreement(s), including without limitation, the right to collect the rent thereunder. In no event shall the assignment of the existing Agreement(s) impose a greater obligation on Grantee than is imposed upon the Tenant(s) under the Existing Agreement(s). Notwithstanding anything to the contrary herein, the parties hereto agree that the obligations of the landlord under the Existing Agreement(s), or any replacement thereof, are specifically related to fee ownership and therefore shall remain with Grantor and Grantee assumes no obligations thereunder.

**5.  COVENANTS OF GRANTOR.** Grantor covenants to Grantee, as of the date hereof, that:

a.       Grantor shall comply with all applicable laws which may affect the Property. Grantor shall pay, as and when due, all real and personal property taxes and all other fees and assessments attributable to the Property (the "**Taxes and Fees**") and shall take all other actions necessary to avoid a forfeiture of the Property.

b.       Grantor shall execute all documents (including, without limitation, amendments or modifications of the Easement Agreement and any documents necessary for required certificates, permits, licenses and other approvals) necessary for Grantee or its Tenant(s) to utilize the Easement Area in the manner contemplated in this Agreement, the Existing Agreement and the Purchase Agreement.

c.       Grantor shall cooperate with the requests of Grantee and/or Tenant(s) to facilitate the Permitted Uses of the Easement Area

d.       in the event of a change of ownership, control, transfer or sale of the Property, Grantor or its successor shall promptly send to Grantee written notice of such change and the name and contact information for the new owner of the Property.

e.       Grantor shall not allow or permit a breach or default to occur under the Existing Agreement(s) as a result of Grantor's actions or inactions and shall promptly cure any such default which results from the same. Grantor shall immediately forward to Grantee a copy of any notice of default under the Existing Agreement(s) received by Grantor, including all correspondence related thereto.

f.       Grantor shall not settle or compromise any insurance claim or condemnation award relating to the Easement without Grantee's prior written approval, which shall not be unreasonably withheld.

g.       Grantor shall not, nor shall Grantor permit its lessees, licensees, employees, invitees or agents to use any portion of the Property, or the Easement in a way which interferes with the operations of tenants under the Existing Agreement(s), or any other of Grantee's future lessees or licensees, or to interfere with the Access and Utility Easement. Such interference shall be deemed a material breach by Grantor.

TC PSA (Ground)/TL                                                                                    TC220598/ Joyce K Hodge

Filed    25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000026 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000018 of 000038

h.     Grantor will forward any rent payments received from Tenant(s) after the Effective Date to Grantee within 5 business days of receipt thereof.

i.     Grantor shall not introduce or use (or permit the use of) any substance, chemical or waste that is identified as hazardous, toxic or dangerous in any applicable federal, state or local law or regulation (collectively "**Hazardous Substance**") on the Property in violation of any applicable federal, state or local environmental laws. Grantor shall be responsible for (and shall promptly conduct any investigation and remediation as required by any applicable environmental laws) all spills or other releases of any Hazardous Substance not caused by Grantee, that have occurred or which may occur on the Property. For the avoidance of doubt, Grantee shall not be responsible for any Hazardous Substances arising or present on or before the Effective Date and liability of Grantee for any claims with respect to any Hazardous Substances at the Property or the Easement Area shall be limited to contamination which is shown by clear evidence to have been solely caused by a release of a Hazardous Substance by Grantee after the Effective Date, and in violation of any applicable federal, state or local environmental laws.

6.   **SUCCESSORS AND ASSIGNS.** This Agreement shall be binding upon and inure to the benefit of the parties hereto and the successors and assigns of the parties to this Agreement. This Agreement shall run with the land upon which the Easement Area is located, and Grantor shall, in any and all deeds or other documents related to the sale, conveyance, assignment, mortgage, pledge, or other encumbrance or transfer of the Property, expressly provide that the Property is subject to all rights, liabilities and obligations under this Agreement. Grantor hereby expressly acknowledges and agrees that Grantee may from time-to-time sell, convey, assign, mortgage, pledge, encumber, hypothecate, securitize or otherwise transfer some or all of Grantee's right, title and interest in and to this Agreement, the Easement Area and the Existing Agreement(s). Grantor may assign this Agreement only in its entirety and only to any person or entity who or which acquires fee title to the Property.

7.   **MAINTENANCE.** Except to the extent maintenance is the obligation of any Tenant(s) under the Existing Agreement(s) and except with respect to any personal property of such Tenant(s), during the Term, Grantor shall maintain, in good operating condition and repair, the Property and the improvements located thereon. Grantor shall promptly repair any defect in the above within thirty (30) days, or shorter period as may be required by any government authority having jurisdiction, unless the defect constitutes an emergency, in which case the Grantor shall cure the defect as quickly as possible. If Grantor fails to make such repairs, Grantee may, but shall not be obligated to, effect such repairs at Grantor's sole cost and expense, which Grantor shall reimburse to Grantee upon demand, together with interest thereon from the date of demand

8.   **NOTICES.** All notices, requests, demands and other communications hereunder shall be delivered by Certified Mail Return Receipt Requested, and/or a nationally recognized overnight courier or upon attempted delivery, if delivery is refused or if delivery is impossible because of failure to provide reasonable means for accomplishing delivery.  Notice shall be deemed accepted upon proof of delivery.  Notices shall be delivered:

As to Grantor: 1051 Rock Creek Ln, Big Clifty, KY, 42712-6721

As to Grantee: Landmark Infrastructure Holding Company LLC
c/o Landmark Dividend LLC
El Segundo, CA 90245
Attn: Asset Management
Re: TC220598

With a copy to: Landmark Infrastructure Holding Company LLC

TC PSA (Ground)/TL                                                    TC220598/ Joyce K Hodge

c/o Landmark Dividend LLC
El Segundo, CA 90245
Attn: Legal Department
Re: TC220598

Grantor shall immediately forward all notices related to the Easement or the Existing Agreement(s) to Grantee at the notice address provided herein.

**9.    DEFAULT.** It shall be an "Event of Default" if either Grantor or Grantee fails to observe or perform any of the terms, conditions or its respective obligations set forth in this Agreement. Upon receiving written notice of such a default or breach of this Agreement, the defaulting party shall have the lesser of: thirty (30) days, or (b) the cure period under the Existing Agreement (as applicable) to cure such default; provided, however, if the required cure of the noticed default cannot reasonably be completed by Grantee within such time period, Grantee's failure to perform shall not constitute an Event of Default so long as Grantee's failure to perform does not constitute a default under the Existing Agreement(s) and Grantee undertakes to cure the failure promptly, diligently and to completion. In the event that the defaulting party fails to cure such default within the cure period, the non-defaulting party shall be entitled to exercise any rights permitted under this Agreement or permitted by applicable law; provided however, that in the event Grantee is in default under this Agreement, Grantor shall not have the right to terminate this Agreement or the Existing Agreement and shall have, as its sole remedy, specific performance or an action for damages. Notwithstanding anything to the contrary contained herein, in the event that Grantor fails to provide Grantee, the Tenant(s), or their respective agents, employees, or contractors, access to the Easement Area, for any reason whatsoever, whether through action or inaction, such occurrence shall be an Event of Default, which is hereby deemed material, which shall not be subject to the cure periods as set forth in this Section 10, and Grantee shall be immediately entitled to exercise specific performance and to exercise any rights and remedies permitted by this Agreement or permitted by applicable law. Notwithstanding anything to the contrary herein, if Grantor fails to pay all Taxes and Fees or to take all other actions necessary to avoid forfeiture of the Property, Grantee may, but shall not be required to, at its sole discretion, pay the Grantor's Taxes and Fees and perform any other measure necessary to avoid forfeiture of the Property, provided further however, Grantee shall be entitled to recover from Grantor all Taxes and Fees and all other costs and expenses, including actual attorney's fees..

**10.    AGREEMENT FULLY PERFORMED.** Notwithstanding anything in this Agreement to the contrary, this Agreement is deemed to be fully performed by Grantee as of the Effective Date. In no event shall this Agreement be deemed an executory contract for purposes of the United States Bankruptcy Code, as amended (the "Code"), and this Agreement may not be rejected pursuant to Section 365 of the Code.

**11. CASUALTY.** Notwithstanding the law of the jurisdiction in which the Property is located, in the event the Easement Area or Property is damaged or destroyed by fire or other casualty, this Agreement, the Easement and the Purchase Agreement and Grantee's rights therein shall remain in full force and effect. Grantor shall give Grantee immediate notice of such casualty and Grantor shall, at Grantor's sole cost and expense, cause the damage to be repaired to a condition as nearly as practicable to that existing prior to the damage within the shorter of ninety (90) days from the date of the damage or the time period set forth in the Existing Agreement(s). During the Grantor's repair of the Property, Grantor shall provide temporary relocation space to Grantee and Tenant(s) for use as a communications site until the Property and Easement Area have been sufficiently repaired for the use and enjoyment of Tenant(s).

**12. CONDEMNATION.** In the event all or any part of the Easement Area or Property is taken by the exercise of eminent domain or a proposed conveyance in lieu thereof by a representative of a governing authority having the right of eminent domain, Grantee and Grantor shall have the right to pursue separate,

TC PSA (Ground)/TL                                                    TC220598/ Joyce K Hodge

individual compensation awards for each party's respective interests in the Easement Area and Property. Grantee shall be entitled to submit a separate claim for the valuation of the Easement Area to the governing authority and Grantor hereby waives any right to oppose or object to Grantee's claim for compensation relating to the Easement Area in connection with any eminent domain proceeding or conveyance in lieu related thereto.

## 13.    **GOVERNING LAW; VENUE JURY TRIAL WAIVER.**

(a) THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE IN WHICH THE PROPERTY IS LOCATED, WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS THEREOF.

(b) EACH PARTY SUBMITS TO THE EXCLUSIVE JURISDICTION OF THE APPLICABLE UNITED STATES DISTRICT COURT FOR THE DISTRICT THE PROPERTY IS LOCATED IN, AND EACH PARTY WAIVES ANY OBJECTION WHICH IT MAY HAVE TO THE LAYING OF VENUE IN SUCH COURT, WHETHER ON THE BASIS OF INCONVENIENT FORUM OR OTHERWISE.

(c) TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH PARTY WAIVES ANY RIGHT TO A JURY TRIAL IN ANY ACTION OR PROCEEDING TO ENFORCE OR INTERPRET THIS AGREEMENT.

**14. ATTORNEYS' FEES**. In any action or proceeding brought to enforce any provision of this Agreement, the prevailing party shall be entitled to an award of its reasonable attorneys' fees and costs. All damages or other sums payable by one party to another hereunder shall bear interest from the date incurred or payable until paid at a rate equal to the highest rate permitted by applicable law.

## 15.    **INDEMNIFICATION.** Grantor and Grantee shall each indemnify, defend and hold harmless the other party its parents, subsidiaries, and affiliates, and their respective directors, officers, members, managers, partners, employees, agents, representatives, successors and assigns (collectively, the "**Indemnified Parties**") from and against any and all administrative and judicial actions and rulings, claims, causes of action, demands and liability including, but not limited to, damages, costs, expenses, assessments, penalties, fines, cleanup, remediation, removal or restoration work required by any governmental authority, losses, judgments and reasonable attorneys' fees (collectively, the "**Claims**") that the Indemnified Parties may suffer or incur arising from or relating to: (i) any breach by a breaching party of any of its representations, warranties, covenants, agreements, terms, provisions, conditions or limitations of this Agreement, including, without limitation, with respect to Grantor, any failure on the part of Grantor to continue to faithfully perform and discharge any and all of Grantor's obligations as lessor under the Existing Agreement(s), (ii) with respect to Grantor, the operations or activities on the Property by Grantor or any of its agents, contractors, subcontractors, servants, employees, tenants, subtenants, licensees or invitees; (iii) with respect to Grantee, the operations or activities on the Property of only the Grantee; (iv) any violation by the breaching party of any laws applicable to such breaching party; and (v) the existence or discovery of any Hazardous Substance on the Property caused by the other party, including the migration of any Hazardous Substance to other properties and the release of any Hazardous Substance into the environment that relate to or arise from the indemnitor's activities on the Property; provided however Grantee shall only be obligated to indemnify Grantor for Hazardous Substances caused solely by Grantee. Grantor agrees to defend, indemnify, protect and hold the Indemnified Parties of the Grantee harmless from and against any and all Claims related to Hazardous Substances arising out of or resulting from actions on the Property not caused by Grantee prior to, and during the Term of this Agreement. The parties' indemnification obligations under Section 15 shall survive the termination or expiration of this Agreement.

TC PSA (Ground)/TL                                    TC220598/ Joyce K Hodge

**16. <u>CONSTRUCTION</u>.**  The parties acknowledge that this document shall not be construed in favor of or against the drafter and that this document shall not be construed as an offer until such time as it is executed by one of the parties and then tendered to the other party.

**17. <u>INCORPORATION BY REFERENCE; CONFLICTS</u>.**  Unless otherwise defined herein, all terms used in this Agreement shall have the same meaning as set forth in the Purchase Agreement, the terms and conditions of which are incorporated into the Agreement by reference in their entirety.  If this Agreement conflicts with the terms and conditions of the Purchase Agreement, then the terms of this Agreement shall govern as between the parties hereto.

<b>(SIGNATURES ON FOLLOWING PAGE)</b>

TC PSA (Ground)/TL                                                  TC220598/ Joyce K Hodge

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000030 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000022 of 000038

Filed                    25-CI-00509      03/18/2025      Deanna Simcoe, Hardin Circuit Clerk

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound, have caused this Agreement to be duly executed as of the Effective Date.

**GRANTOR:**

**JOYE KATHERINE HODGE,** who acquired title as Joyce Katherine Hodge, as surviving Joint Tenant

By: _Joye Katherine Hodge_
Name: Joye Katherine Hodge

STATE OF _Kentucky_ )
                                        ) ss.
COUNTY OF _Hardin_ )

On _January 11_, 202 _3_, before me, _Tangela D. Pritchett-Brooks_ a Notary Public in and for said County and State, personally appeared _Joye Katherine Hodge_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Kentucky_ that the foregoing paragraph is true and correct.

WITNESS my hand and official Seal.

_Tangela D. Pritchett-Brooks_
Notary Public
My Commission Expires: ~~January 18th~~
July 9, 2024

```
Tangela D. Pritchett-Brooks
NOTARY PUBLIC
STATE AT LARGE
KENTUCKY
ID. # KYNP9848
MY COMMISSION EXPIRES 7/9/2024
```

[SEAL]

TC PSA (Ground)/TL                                                            TC220598/ Joyce K Hodge

Filed                    25-CI-00509      03/18/2025      Deanna Simcoe, Hardin Circuit Clerk

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000031 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000023 of 000038

Filed    25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound, have caused this Agreement to be duly executed as of the Effective Date.

**GRANTEE:**

**LD TELECOM ASSETCO LLC,**
a Delaware limited liability company

By: _Todd D. Ruggiero_
Name: _Todd D. Ruggiero_
Title: _Authorized Signatory_

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California

County of Los Angeles

On _January 12th_, 202_3_ before me, _Rosario Flores, Notary Public_ (here insert name and title of officer), personally appeared _Todd D. Ruggiero_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature(s) on the instrument the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature _____  (Seal)



ROSARIO FLORES
Notary Public - California
Los Angeles County
Commission # 2414631
My Comm. Expires Sep 3, 2026

TC PSA (Ground)/TL                                 TC220598/ Joyce K Hodge

Filed    25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

## EXHIBIT A

## LEGAL DESCRIPTION OF THE PROPERTY

The following described real property located in Hardin County, Kentucky, to wit:

Tract 1

Beginning at an iron pin in the Southeast r/w line of Rock Creek Road (40'r/w) and corner to Maurice Schinmels, DB267 pg388, thence with the line of Schinmels, passing thru a 42" white oak at 38', South 20 59' 20" East and continuing with Mike Mouser, DB638 pg195, a total distance of 2095.8' to an iron pin between two black jack oaks corner to Ray Von Allen, DB321 pg342, said iron pin being approximately North 40 West 90' from the Buffalo Wallow, thence with the line of Von Allen South 63 00' West 82.5' to a rail road spike in the large rock corner to Jerry Staples, DB644 pg200, thence with the line of Staples and an existing fence North 43 29' 45" West 253.3' to a 12" red oak, thence North 43 10' 40" West 174.7' to a wood fence post, thence North 44 14' 15" West 357.1' to a wood fence post, thence North 44 35' 00" West 243.3' to a wood fence post, thence North 45 35' 25" West 346.6' to a 24" White Oak, thence North 58 10' 15" West 32.8' to an iron pin in the center of an abandoned roadway, thence with the center of said roadway North 44 07' 55" West 1546.9' to an iron pin in the South r/w line of Rock Creek Road, thence with the South r/w line of Rock Creek Road North 53 07' 00" East 114.1', thence North 64 01' 10" East 102.1', thence North 67 40' 50" East 222.4', thence North 70 00' 00" East 185.2', thence North 68 01' 00" East 85.4', thence North 49 32' 20" East 35.3', thence North 27 27 40" East 27.1' to the point of beginning and containing 45.301 acres as per survey by C. E. Pence, KY. R.L.S. #2032, and dated April 11, 1992ad.

Tract 2

Beginning at a point on the north side of Rock Creek Road, with said point furthermore being the south-eastern corner of property previously purchased by Joseph Ray Hodge from his father by Deed of record in Deed Book 277 Page 221, in the Office of the Clerk of Hardin County Court; thence leaving said road and continuing in a northerly direction with the eastern boundary line of Joseph Ray Hodge property, 1,230 feet to a point; thence continuing on in a northerly direction with the eastern boundary line of Jerry Staples property 370 feet to the right-of-way of Western Kentucky Parkway; thence continuing in an easterly direction with Western Kentucky Parkway 585 feet to a creek, which is a division line with property belonging to Richardson and then Schimmels; thence continuing in a southerly direction with the meanders of said creek and then Rock creek Road, 1,410 feet to a point; thence leaving said road and continuing in a westerly direction with a new division line with Joseph T. Hodge 200 feet to a point; thence continuing in a southerly direction with another new division line with Joseph T. Hodge 92 feet to a point on the aforementioned Rock creek Road; thence continuing with said road in a westerly direction 215 feet to the Point of Beginning.

Tract 3

Beginning at an oak tree on the north side of Rock Creek Road and the Southeastern corner of property belonging to Jerry Staples; thence leaving said road and continuing with the Staples line in a northerly direction 1663.2 feet to a point in the Staples Line; thence continuing with another division line with Staples in a southeasterly direction approximately 1222 feet to a point where Staples and Joseph T. Hodge border; thence leaving the staples property and continuing in a southwesterly direction with a new division line with Joseph T. Hodge approximately 1230 feet to a point on the North side of Rock Creek

TC PSA (Ground)/TL                                                                                      TC220598/ Joyce K Hodge

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000033 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000025 of 000038

Road; thence continuing in a westerly direction with the aforementioned road 750 feet to the oak tree which is the Point of Beginning.

Tract 4

Beginning at a point in the North line of Rock Creek Road, said point being 460 feet East of a corner with Garland Hart; thence with Joe Hodge in a Northerly direction 225 feet; thence in an easterly direction 300 feet; thence in a southerly direction 225 feet to the North line of the above mentioned road; thence with that line in a westerly direction 300 feet to the Point of Beginning.

LESS AND EXCEPT

Begins North side of Rock Creek Road and runs West for a distance of 200 ft bordering property of Joseph R. and Joyce K. Hodge, then South for 92 ft to Rock Creek Road. It then follows Rock Creek Road first East and then North to the original point. This parcel contains an unoccupied house and approximately .5 acres more or less.

ALSO LESS AND EXCEPT

Parcel 1

Begins on Rock Creek Road at a corner with Jerry Staples and runs South for a distance of approximately 1080 FT. to a point 10 FT. beyond a small creek. It then runs East along the creek 10 FT. on the South side for 250 FT. at this point it crosses the creek and runs Northwest for 440 FT. to a point on another small creek. It then follows this creek in a Northerly direction for a distance of 860 FT. These last three boundaries are with Edna E. Hodge from which the parcel is being purchased. From this point the line runs West along the South boundary of Rock Creek Road to the beginning point with Staples. Contains approximately 12 acres more or less.

FURTHER LESS AND EXCEPT

Beginning at a point on the west side of Rock Creek Road, with said point furthermore being the southeastern corner of property belonging to Hughlett Richardson; thence leaving Richardson and continuing with the meanders of said road in a southerly direction approximately 170 feet to a point in the line of Schimmels; thence leaving said road and continuing with Schimmels in a westerly direction approximately 200 feet to a point in the line of Joe T. Hodge; thence leaving Schimmels and continuing with Hodge in a northerly direction approximately 170 feet to a point in the line of Richardson aforementioned; thence continuing in an easterly direction with Richardson approximately 200 feet to the Point of Beginning.

Parcel ID #074-00-00-044

A portion of which being a portion of the property conveyed to Joseph Ray Hodge and Katherine Hodge, husband and wife, from James Gerald Hodge and Iris Sue Hodge, husband and wife, in a Deed dated January 10, 1996 and recorded January 10, 1996 in Book 830 Page 716.

A portion further being a portion of the property conveyed to Joseph Ray Hodge and Joyce Katherine Hodge, husband and wife, from Edna E. Hodge, widow, in a Deed dated March 11, 1992 and recorded March 11, 1992 in Book 728 Page 317.

TC PSA (Ground)/TL                                              TC220598/ Joyce K Hodge

Filed        25-CI-00509    03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

A portion further being a portion of the property conveyed to Joseph Ray Hodge and Joyce Katherine Hodge, husband and wife, from Joseph T. Hodge and Edna E. Hodge in a Deed dated June 2, 1983 and recorded June 6, 1983 in Book 474 Page 219.

A portion further being a portion of the property conveyed to Joseph Ray Hodge and Joyce Katherine Hodge, husband and wife, in a Deed dated August 29, 1975 and recorded September 5, 1970 in Book 277 Page 221.

A portion further being a portion of the property conveyed to Joseph Ray Hodge and Joyce Katherine Hodge, his wife, from Edna Cash Hodge and Joe Hodge, her husband, in a Deed dated June 21, 1969 and recorded June 25, 1969 in Book 219 Page 315.

Joseph Ray Hodge, having departed this life on October 25, 2021, leaving Joyce Katherine Hodge as the surviving Joint Tenant.

TC PSA (Ground)/TL                                                                 TC220598/ Joyce K Hodge

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000035 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000027 of 000038

Filed      25-CI-00509      03/18/2025      Deanna Simcoe, Hardin Circuit Clerk

### EXHIBIT B

### COMMUNICATIONS EASEMENT AREA DESCRIPTION

Situated in Hardin County, Kentucky and being more particularly described as follows:

COMMENCING at a magnetic control nail, located at Kentucky State Plane Coordinates N: 3725692.08 E: 4825573.82, Thence, North 53 degrees 41 minutes 34 seconds East, 74.63 feet to an iron pin (found) at Kentucky State Plane Coordinates N: 3725736.27 E: 4825633.96, this being the TRUE POINT OF BEGINNING;

Thence, North 07 degrees 31 minutes 29 seconds West, 100.00 feet to an iron pin (found);

Thence, North 82 degrees 28 minutes 31 seconds East, 100.00 feet to an iron pin (found);

Thence, South 07 degrees 31 minutes 29 seconds East, 100.00 feet to a point;

Thence, South 82 degrees 28 minutes 31 seconds West, 100.00 feet to the POINT OF BEGINNING, containing 0.23 acres or 10,000.00 square feet, more or less.

OWNER: JOYCE KATHERINE HODGE, AS SURVIVNG JOINT TENANT
PARCEL ID: 074-00-00-044
DEED REFERENCE: DEED BOOK 277 PAGE 221

In the event of a discrepancy between the area actually occupied by the equipment pursuant to the Existing Agreement(s) and the area described in this Exhibit B, the described area shall be understood to also include any portion of the actual used area not captured by the description or as may have been granted pursuant to the Existing Agreement(s).

### NON-EXCLUSIVE ACCESS AND UTILITY EASEMENT AREA DESCRPITION

In addition to the area described above, the part of the Property upon which any equipment exists on the Effective Date together with the portion of the Property used and/or leased by Grantor under the Existing Agreement(s), including, but not limited to, as follows:

Situated in Hardin County, Kentucky and being more particularly described as follows:

Being a twenty foot wide access and utility easement, at all times being ten feet on each side of and running parallel with the following described centerline:

COMMENCING at a magnetic control nail, located at Kentucky State Plane Coordinates N: 3725692.08 E: 4825573.82, Thence, North 60 degrees 54 minutes 23 seconds East, 97.74 feet to a point at Kentucky State Plane Coordinates N: 3725739.61 E: 4825659.23, this being the TRUE POINT OF BEGINNING;

Thence, South 15 degrees 19 minutes 48 seconds East, 54.45 feet to a point;

Thence, South 10 degrees 09 minutes 04 seconds East, 109.54 feet to a point;

Thence, South 26 degrees 19 minutes 59 seconds East, 120.01 feet to a point;

TC PSA (Ground)/TL                                        TC220598/ Joyce K Hodge

Filed      25-CI-00509      03/18/2025      Deanna Simcoe, Hardin Circuit Clerk

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000036 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000028 of 000038

Filed        25-CI-00509    03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

Thence, with a curve to the left, having an arc length of 85.03 feet, a radius of 55.00 feet, a chord bearing of South 70 degrees 37 minutes 27 seconds East, a chord length 76.81 feet to a point;

Thence, North 65 degrees 05 minutes 06 seconds East, 164.97 feet to a point;

Thence, with a curve to the right, having an arc length of 86.75 feet, a radius of 50.00 feet, a chord bearing of South 65 degrees 12 minutes 42 seconds East, a chord length of 76.27 feet to a point;

Thence, South 15 degrees 30 minutes 29 seconds East, 117.81 feet to a point;

Thence, with a curve to the left, having an arc length of 136.44 feet, a radius of 201.96 feet, a chord bearing of South 34 degrees 51 minutes 45 seconds East, a chord length of 133.86 feet to a point;

Thence, South 19 degrees 44 minutes 07 seconds East, 61.18 feet to a point;

Thence, with a curve to the right, having an arc length of 20.15 feet, a radius of 229.83 feet, a chord bearing of South 13 degrees 08 minutes 15 seconds East, a chord length of 20.15 feet to the POINT OF TERMINUS, containing 0.44 acres or 19,127.08 square feet, more or less.

OWNER: JOYCE KATHERINE HODGE, AS SURVIVNG JOINT TENANT
PARCEL ID: 074-00-00-044
DEED REFERENCE: DEED BOOK 277 PAGE 221

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000037 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000029 of 000038

TC PSA (Ground)/TL                                TC220598/ Joyce K Hodge

Filed        25-CI-00509    03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

Filed        25-CI-00509    03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

## EXHIBIT C

## EXISTING AGREEMENT(S) DESCRIPTION

That certain Option and Lease Agreement dated November 8, 2000, by and between Grantor ("Lessor") and CCATT, successor in interest to Tritel Communications, Inc. ("Lessee"), for the Property, together with all amendments, modifications and/or assignments, for which a Memorandum of Lease Agreement was recorded on September 20, 2001, as Instrument No. 1010160213, Book 1010, Page 209 of the Hardin County Registry.

I, Brian D. Smith, County Clerk of
Hardin County, Kentucky, hereby certify
that the foregoing instrument has been
duly recorded in my office.

By: PAM ELSWICK, dc

TC PSA (Ground)/TL

TC220598/ Joyce K Hodge

Book: 1546  Page: 1535    Page 15 of 15

Filed        25-CI-00509    03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000038 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000030 of 000038

# Exhibit D

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000039 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000031 of 000038

Filed        25-CI-00509    03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

Prepared by:

Robert J. Wratcher
Sittig, Cortese & Wratcher LLC
1500 Frick Building
437 Grant Street
Pittsburgh, PA 15219

## FIRST AMENDMENT TO OPTION AND LEASE AGREEMENT

THIS FIRST AMENDMENT TO OPTION AND LEASE AGREEMENT ("First Amendment") is made effective this 27 day of January, 2015, by and between **JOSEPH R. HODGE and JOYE K. HODGE**, husband and wife, with a mailing address of 1051 Rock Creek Road, Big Clifty, Kentucky, 42712 ("Lessor") and **NCWPCS MPL 28 – YEAR SITES TOWER HOLDINGS LLC**, a Delaware limited liability company, by **CCATT LLC**, a Delaware limited liability company, Its Attorney in Fact ("Lessee") with a mailing address of 2000 Corporate Drive, Canonsburg, Pennsylvania 15317.

WHEREAS, Joseph R. Hodge and Joye K. Hodge and Tritel Communications, Inc. ("Tritel") entered into an Option and Lease Agreement dated November 8, 2000, (the "Agreement") for property located in the County of Hardin, Commonwealth of Kentucky (the "Premises") being part of a larger parcel of property owned by Lessor (the "Property"); and,

WHEREAS, Lessee is the successor in interest to Tritel; and,

WHEREAS, the Agreement has an initial term of five (5) years, which commenced on July 12, 2001 and four (4) additional terms of five (5) years each, which renew automatically and terminate on July 11, 2026; and,

WHEREAS, Lessor and Lessee now desire to amend the terms of the Agreement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lessor and Lessee agree as follows:

1. <u>Defined Terms</u>. Any capitalized terms not defined herein shall have the meanings ascribed to them in the Agreement.

LMK-2515--1
842578        384181.

-1-

LS1670 Hodge Property
BU# 842578

Filed        25-CI-00509    03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

2.  Amend Paragraph 9(a).  Paragraph 9(a) of the Agreement is amended by adding the following at the end of the existing paragraph:

> "Notwithstanding any contrary provision, if requested by Lessee, Lessor will execute, at Lessee's sole cost and expense, all documents required by any governmental authority in connection with any development of, or construction on the Premises, including documents necessary to petition the appropriate public bodies for certificates, permits, licenses and other approvals deemed necessary by Lessee to utilize the Premises for the purpose of constructing, maintaining and operating communications facilities. Lessor will agree to be named applicant if requested by Lessee. In furtherance of the foregoing, Lessor will appoint Lessee as Lessor's attorney-in-fact to execute all land use applications, permits, licenses and other approvals on Lessor's behalf."

3.  Amend Paragraph 10.  Paragraph 10 of the Agreement is amended by deleting the words "four (4) additional five-year terms" and replacing it with the words "ten (10) additional five (5) year terms. Paragraph 10 is further amended by adding the following at the end of the existing paragraph:

> "The final Agreement expiration date will be July 11, 2056."

4.  Delete and Replace Paragraph 26 of the Agreement.  Paragraph 26 of the Agreement is deleted in its entirety and replaced with the following:

> "Notice.  All notices, requests, demands and communications hereunder will be given by first class certified or registered mail, return receipt requested, or by a nationally recognized overnight courier, postage prepaid, to be effective when properly sent and received, refused or returned undelivered.  Notices will be addressed to the parties as follows.

| If to Lessee: | NCWPCS MPL 28 – Year Sites Tower Holdings LLC<br>Attn: Network Legal<br>208 S. Akard Street<br>Dallas, TX 75202-4206 |
| --- | --- |
| With a copy to: | CCATT LLC<br>Attn: Legal Department<br>2000 Corporate Drive<br>Canonsburg, PA 15317 |
| If to Lessor: | Joseph R. Hodge<br>Joye K. Hodge<br>1051 Rock Creek Road<br>Big Clifty, KY 42712 |

LS1670 Hodge Property
BU# 842578

2

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000041 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000033 of 000038

Either party hereto may change the place for the giving of notice to it by thirty (30) days prior written notice to the other as provided herein."

    5.   Additional Paragraph 33.   The following paragraph is added to the Agreement as Paragraph 33:

> "Right of First Refusal.  If Lessor receives an offer to purchase fee title, an easement, a lease, a license, or any other interest in the Premises, or Lessor's interest in the Agreement, or an option for any of the foregoing, Lessor shall provide written notice to Lessee of said offer, and Lessee shall have a right of first refusal to acquire such interest on the same terms and conditions in the offer, excluding any terms or conditions which are (i) not imposed in good faith or (ii) directly or indirectly designed to defeat or undermine Lessee's possessory or economic interest in the Premises. Lessor's notice shall include the prospective buyer's name, the purchase price and/or other consideration being offered, the other terms and conditions of the offer, the due diligence period, the proposed closing date and, if a portion of Lessor's parent parcel is to be sold, leased or otherwise conveyed, a description of said portion. If the Lessor's notice shall provide for a due diligence period of less than sixty (60) days, then the due diligence period shall be extended to be sixty (60) days from exercise of the right of first refusal and closing shall occur no earlier than fifteen days thereafter. If Lessee does not exercise its right of first refusal by written notice to Lessor given within thirty (30) days, Lessor may convey the property as described in the Lessor's notice. If Lessee declines to exercise its right of first refusal, then the Agreement shall continue in full force and effect and Lessee's right of first refusal shall survive any such conveyance. Lessee shall have the right, at its sole discretion, to assign the right of first refusal to any person or entity, either separate from an assignment of the Agreement or as part of an assignment of the Agreement. Such assignment may occur either prior to or after Lessee's receipt of Lessor's notice and the assignment shall be effective upon written notice to Lessor."

    6.   Additional Consideration.  Lessee agrees to pay to Lessor the sum of Three Thousand and No/100 Dollars ($3,000.00) for executing and delivering the First Amendment and all related documents within ten (10) days of receipt of the executable documents (the "Expedite Fee"). Lessor understands that time is of the essence, and if the executed First Amendment and all related documents are not delivered to Lessee within the specified time period, Lessor shall forfeit the Expedite Fee. Lessor further agrees that if the First and all related documents are not fully executed for any reason, Lessor forfeits the Expedite Fee. The Expedite Fee is a one-time payment due and payable within sixty (60) days of full execution of the First Amendment.

3

LS1670 Hodge Property
BU# 842578

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000042 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000034 of 000038

Filed          25-CI-00509   03/18/2025          Deanna Simcoe, Hardin Circuit Clerk

7.     <u>Representations, Warranties and Covenants of Lessor</u>.  Lessor represents, warrants and covenants to Lessee as follows:

(a)     Lessor is duly authorized to and has the full power and authority to enter into this First Amendment and to perform all of Lessor's obligations under the Agreement as amended hereby.

(b)     Except as expressly identified in this First Amendment, Lessor owns the Premises free and clear of any mortgage, deed of trust, or other lien secured by any legal or beneficial interest in the Premises, or any right of any individual, entity or governmental authority arising under an option, right of first refusal, lease, license, easement or other instrument other than any rights of Lessee arising under the Agreement as amended hereby and the rights of utility providers under recorded easements.

(c)     Upon Lessee's request, Lessor shall discharge and cause to be released (or, if approved by Lessee, subordinated to Lessee's rights under the Agreement as amended hereby) any mortgage, deed of trust, lien or other encumbrance that may now or hereafter exist against the Premises.

(d)     Upon Lessee's request, Lessor shall cure any defect in Lessor's title to the Premises which in the reasonable opinion of Lessee has or may have an adverse effect on Lessee's use or possession of the Premises.

(e)     Lessee is not currently in default under the Agreement, and to Lessor's knowledge, no event or condition has occurred or presently exists which, with notice or the passage of time or both, would constitute a default by Lessee under the Agreement.

(f)     Lessor agrees to execute and deliver such further documents and provide such further assurances as may be requested by Lessee to effect any release or cure referred to in this paragraph, carry out and evidence the full intent and purpose of the parties under the Agreement as amended hereby, and ensure Lessee's continuous and uninterrupted use, possession and quiet enjoyment of the Premises under the Agreement as amended hereby.

8.     <u>IRS Form W-9</u>.  Lessor agrees to provide Lessee with a completed IRS Form W-9, or its equivalent, upon execution of this First Amendment and at such other times as may be reasonably requested by Lessee. In the event the Premises is transferred, the succeeding Lessor shall have a duty at the time of such transfer to provide Lessee with a completed IRS

4

LS1670 Hodge Property
BU# 842578

Filed          25-CI-00509   03/18/2025          Deanna Simcoe, Hardin Circuit Clerk

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000043 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000035 of 000038

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000044 of 000050

Form W-9, or its equivalent, and other related paper work to affect a transfer in rent to the new Lessor. Lessor's failure to provide the IRS Form W-9 within thirty (30) days after Lessee's request shall be considered a default and Lessee may take any reasonable action necessary to comply with IRS regulations including, but not limited to, withholding applicable taxes from rent payments.

9. <u>Remainder of Agreement Unaffected</u>. In all other respects, the remainder of the Agreement shall remain in full force and effect. Any portion of the Agreement that is inconsistent with this First Amendment is hereby amended to be consistent with this First Amendment. This First Amendment supersedes that certain Letter Agreement by and between Lessor and Lessee dated November 17, 2014 and in case of any conflict or inconsistency between the terms and conditions contained in the Letter Agreement and the terms and conditions contained in this First Amendment, the terms and conditions in this First Amendment shall control.

10. <u>Authority</u>. Lessor and Lessee represent and warrant that Lessor and Lessee are duly authorized and have the full power, right and authority to enter into this First Amendment and to perform all of the obligations under the Agreement, as amended.

[signature pages follow]

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

LS1670 Hodge Property
BU# 842578

5

EXH : 000036 of 000038

Filed        25-CI-00509        03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

IN WITNESS WHEREOF, Lessor and Lessee have caused this First Amendment to be duly executed on the day and year first written above.

LESSOR:

**JOSEPH R. HODGE**

Date: 1 / 15 / 15

**JOYE K. HODGE**

Date: 1 / 15 / 15

COMMONWEALTH OF KENTUCKY    )
                                               ) SS:
COUNTY OF HARDIN                    )

On this 15 day of January , 20 15 , before me personally appeared **JOSEPH R. HODGE and JOYE K. HODGE,** husband and wife, that executed the foregoing First Amendment to Option and Lease Agreement, and acknowledged said instrument to be the free and voluntary act and deed of said person(s) for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

Notary Public #465543

(SEAL)

My commission expires 5-14-16

LS1670 Hodge Property
BU# 842578

6

Filed        25-CI-00509        03/18/2025        Deanna Simcoe, Hardin Circuit Clerk

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000045 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

EXH : 000037 of 000038

Filed          25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

LESSEE:

**NCWPCS MPL 28 – YEAR SITES TOWER HOLDINGS LLC,**
a Delaware limited liability company

**By: CCATT LLC,**
a Delaware limited liability company
Its: Attorney in Fact

By: _____

Name: _____
Helen Smith
Title: Real Estate Transaction Manager

Date: 1/27/15

STATE OF TEXAS      )
                    ) SS:
COUNTY OF HARRIS    )

On this 27 day of January, 2015, before me personally appeared Helen Smith, to me known to be the MST Manager for **CCATT LLC**, a Delaware limited liability company, Attorney in Fact for **NCWPCS MPL 28 - YEAR SITES TOWER HOLDINGS LLC**, a Delaware limited liability company, that executed the foregoing First Amendment to Lease Agreement, and acknowledged said instrument to be the free and voluntary act and deed of said persons on behalf of said company for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

EVON SCOTT
MY COMMISSION EXPIRES
May 13, 2018

(SEAL)

_____
Notary Public

My commission expires _____

7

LS1670 Hodge Property
BU# 842578

Filed          25-CI-00509    03/18/2025    Deanna Simcoe, Hardin Circuit Clerk

| AOC-E-105　　Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice　　Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **25-CI-00509**<br>Court: **CIRCUIT**<br>County: **HARDIN** |

*Plantiff,* **LD TELECOM ASSETCO, LLC VS. NCWPCS MPL 28-YEAR SITES TOWER H**, *Defendant*

TO:  **NCWPCS MPL 28-YEAR SITES TOWER HOLDINGS,**

**CT CORPORATION SYSTEM**

**306 W. MAIN STREET, SUITE 512**

**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **3/18/2025**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title



**eFiled**

*(right margin, rotated)* 1DA1139D-A2E4-4EC5-991F-6BBA36F2F983 : 000047 of 000050

*(right margin, rotated)* Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

*(right margin, rotated)* CI : 000001 of 000001

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 |  | Case #: **25-CI-00509**<br>Court: **CIRCUIT**<br>County: **HARDIN** |
|---|---|---|

## CIVIL SUMMONS

*Plantiff,* **LD TELECOM ASSETCO, LLC VS. NCWPCS MPL 28-YEAR SITES TOWER H**, *Defendant*

TO:  **CCATT, LLC**

  **CT CORPORATION SYSTEM**

  **306 W. MAIN STREET, SUITE 512**

  **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

  You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **3/18/2025**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

  Date: _____, 20_____      _____
  Served By

  _____
  Title

Summons ID: @00000398684
CIRCUIT: 25-CI-00509 Certified Mail
LD TELECOM ASSETCO, LLC VS. NCWPCS MPL 28-YEAR SITES TOWER H



Page 1 of 1



*Sidebar (right margin):*
1DA1139D-A2E4-4EC5-991F-6BBA36F2F983 : 000048 of 000050

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

CI : 000001 of 000001



| AOC-E-105 | Sum Code: CI | | Case #: | **25-CI-00509** |
|---|---|---|---|---|
| Rev. 9-14 | | | Court: | **CIRCUIT** |
| Commonwealth of Kentucky | | | County: | **HARDIN** |

Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

*Plantiff,* **LD TELECOM ASSETCO, LLC VS. NCWPCS MPL 28-YEAR SITES TOWER H**, *Defendant*

TO:  **CCATT HOLDINGS, LLC**
**KENTUCKY SECRETARY OF STATE**
**2000 CORPORATE DRIVE**
**CANONSBURG, PA 15317**

The Commonwealth of Kentucky to Defendant:

  You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **3/18/2025**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

  Date: _____, 20 _____

  _____
  Served By

  _____
  Title

---

Summons ID: @00000398685
CIRCUIT: 25-CI-00509 Long Arm Statute – Secretary of State
LD TELECOM ASSETCO, LLC VS. NCWPCS MPL 28-YEAR SITES TOWER H



Page 1 of 1

eFiled

Presiding Judge: HON. JOHN DAVID SIMCOE (609410)

1DA1139D-A2E4-4EC5-991F-6BBA36F2F983 : 000049 of 000050

CI : 000001 of 000001

**Commonwealth of Kentucky**
**Deanna Simcoe, Hardin Circuit Clerk**

| | |
|---|---|
| **Case #:** 25-CI-00509 | **Envelope #:** 10145543 |
| **Received From:** CHARLES ENGLISH JR | **Account Of:** CHARLES ENGLISH JR |
| **Case Title:** LD TELECOM ASSETCO, LLC VS. NCWPCS MF 28-YEAR SITES TOWER H | **Confirmation Number:** 198203665 |
| **Filed On** 3/18/2025   3:13:38PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Postage) | $41.12 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Money Collected For Others(Secretary of State Electronic Services) | $10.00 |
| 7 | Money Collected For Others(Secretary of State Service Copies) | $4.80 |
| 8 | Library Fee | $3.00 |
| 9 | Civil Filing Fee | $150.00 |
| 10 | Charges For Services(Attestation) | $0.50 |
| 11 | Charges For Services(Copy - Photocopy) | $9.60 |
| 12 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $359.02 |

1DA11390-A2E4-4EC5-991F-6BBA36F2F983 : 000050 of 000050

Generated: 3/19/2025